FILED
10 AUG 30 AM 8:44
CLERK, U.S. DISTRICT C
SOUTHERN DISTRICT OF CALIF
BY:                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAL HASANI EFIA BATTLE-EL,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; MARIA KELLY; MARSHAL LYNN JACKSON<br><br>Defendants. | CASE NO. 10cv831 BEN (AJB)<br><br>**ORDER:**<br>• **DISMISSING COMPLAINT**<br>• **DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br>• **DENYING APPOINTMENT OF COUNSEL** |

## INTRODUCTION

Plaintiff Karal Hasani Efia Battle-El commenced this action against the United States, Maria Kelly, and Marshal Lynn Jackson. Dkt. No. 1. Instead of paying the $350.00 filing fee, Plaintiff moves to proceed in forma pauperis ("IFP"), for appointment of counsel, and for the Court to effect service of the Complaint. Dkt. Nos. 2-4. For the reasons set forth below, these motions are **DENIED** and the action is **DISMISSED** without prejudice with leave to amend.

## DISCUSSION

### I. *Sua Sponte* Screening

The Court is required to screen all cases filed IFP to determine if the case "is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (finding "section 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a

claim"). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). The provisions of § 1915(e)(2)(B) are not limited to prisoners. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Plaintiff's Complaint fails to state a claim for relief. Plaintiff alleges that he received a letter from the Internal Revenue Service informing him that the United States would resolve a matter and Plaintiff did not have to do anything further, but Plaintiff complains that he is still making monthly payments for this matter. Plaintiff alleges he sent another letter a few months later to follow up and the United States did not take any action. But the letter from the Internal Revenue Service, attached to the Complaint, indicates that the matter is not resolved and the IRS has not completed the processing necessary for a complete response. Plaintiff claims that his entitled to relief under the Fourteenth and Sixteenth Amendments to the United States Constitution for this conduct.

As to the individually named Defendants, Plaintiff alleges Defendants Kelly and Jackson did not tell him that they had used his son's name for a tax return and used false information on Plaintiff's 2005 tax return, resulting in Plaintiff owing $1,400 to the United States. Plaintiff indicates in the Complaint that he is seeking "relief under the innocent spouse relief and/or separate liability election and/or equitable relief" for this conduct. Although difficult to decipher, it appears from the letters attached to Plaintiff's Complaint that Jackson is his son's mother and Kelly prepared Plaintiff's taxes. However, even when the Court considers the letters, it is difficult to determine what Plaintiff is alleging that Kelly and Jackson did. Some of the allegations of the Complaint suggest that Jackson improperly claimed their son on her tax return and other allegations and the letters attached suggest that Plaintiff's son was improperly claimed on Plaintiff's tax return at Kelly and Jackson's direction. Still others allegations suggest that the son was improperly and falsely claimed on both.

Additionally, how these allegations give rise to a claim for relief is also unclear. The Complaint's caption identifies the following provisions: 28 U.S.C. §§ 1343(2)(1), 1345; 26 U.S.C. §§ 6700(a)(2)(A) and 6015(b)(2), (c), and (f); the Sixteenth and Fourteenth Amendments; and § 66(c). But, Plaintiff has not stated a claim for relief under any of these provisions. Section 1345 gives district courts jurisdiction over civil actions commenced by the United States. Section 6700 regulates the

promotion of abusive tax shelters and § 6015 provides relief from liability on a *joint* return. The Sixteenth Amendment empowers Congress to lay and collect taxes on incomes. Plaintiff's allegations do not give rise to a claim under any of the cited provisions. FED. R. CIV. PROC. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").

Because Plaintiff's Complaint fails to state a cognizable claim, the Court *sua sponte* **DISMISSES** the Complaint without prejudice and **DENIES** Plaintiff's motion to proceed IFP.

## II. Leave to Amend

Courts generally grant leave to amend unless amendment would be futile. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008). The Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff is granted 60 days leave from the date of the entry of this order to reinstate the case by paying the $350 filing fee or submitting an amended IFP application **and** filing a First Amended Complaint that cures the deficiencies identified by the Court.

The Court notes that the First Amended Complaint must comply with Federal Rule of Civil Procedure 8. Specifically, the First Amended Complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). Plaintiff should indicate the statutes implicated by Plaintiff's claims and the facts supporting each of those claims. Plaintiff must also indicate what relief he seeks from the court. FED. R. CIV. P. 8(a)(3). Additionally, pursuant to Civil Local Rule 15.1, Plaintiff's First Amended Complaint must be complete in itself without reference to the previously filed Complaint.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motions to proceed IFP and *sua sponte* **DISMISSES** the Complaint without prejudice.

The case may only be reopened if Plaintiff pays the required filing fee or submits a complete IFP application and files a First Amended Complaint within **60 days** of the entry of this Order.

**IT IS SO ORDERED.**

Dated: August __, 2010

Hon. Roger T. Benitez
United States District Judge