

FILED

2011 FEB 25 AM 10: 43

CLERK US ....... .....
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAL HASANI EFIA BATTLE-EL,<br><br>                                    Plaintiff,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA; MARIA KELLY; MARSHAL LYNN JACKSON<br><br>                                    Defendants. | CASE NO. 10cv831 BEN (AJB)<br><br>**ORDER:**<br>• **SUA SPONTE DISMISSING COMPLAINT**<br>• **DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

## INTRODUCTION

Plaintiff Karal Hasani Efia Battle-El commenced this action against the United States, Maria Kelly, and Marshal Lynn Jackson. Dkt. No. 1. Plaintiff's initial complaint was dismissed sua sponte by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim. Dkt. No. 5. However, the Court granted Plaintiff leave to file a First Amended Complaint ("FAC"). *Id.* Plaintiff has filed a FAC and a motion to proceed in forma pauperis ("IFP"). For the reasons set forth below, the motion to proceed IFP is **DENIED** and the action is **DISMISSED** without prejudice with leave to amend.

## DISCUSSION

### I.   *Sua Sponte* Screening

The Court is required to screen all cases filed IFP to determine if the case "is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (finding "section 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a

10cv831

1  claim"). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from

2  the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of*

3  *Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).  The provisions of § 1915(e)(2)(B) are not limited to

4  prisoners. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

5      Plaintiff's FAC fails to state a claim for relief.  Plaintiff alleges that Defendants Jackson and

6  Kelly were involved in the preparation of Plaintiff's taxes and used the name of Hasani Tiquic Joseph

7  Battle-El on Plaintiff's tax return while having previously used the name on Ms. Jackson's return.

8  Plaintiff further alleges that he has corresponded with the Internal Revenue to resolve his issues

9  concerning this tax return without resolution.  Plaintiff claims he was owed $5,000 based on the

10  incorrect return filed, but ended up owing $1,400.

11      These allegations do not give rise to a claim for relief under the statutes cited by Plaintiff.

12  Plaintiff cites three statues: (1) 26 U.S.C. § 7212(a); (2) 26 U.S.C. § 7206(2); and (3) 26 U.S.C. §

13  7216.  All three are criminal statutes providing fines and prison sentences for those convicted under

14  the statutes.  None of the statutes cited provide Plaintiff with a basis for a civil claim against any of

15  the Defendants.

16      Because Plaintiff's FAC fails to state a cognizable claim, the Court sua sponte **DISMISSES** the

17  FAC without prejudice and **DENIES** Plaintiff's motion to proceed IFP.

18  **II.  Leave to Amend**

19      Courts generally grant leave to amend unless amendment would be futile. *Townsend v. Univ.*

20  *of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008).  The Court will provide Plaintiff with one more

21  opportunity to file an amended complaint that states a claim.  Plaintiff is granted 60 days leave from

22  the date of the entry of this order to reinstate the case by paying the $350 filing fee or submitting an

23  amended IFP application **and** filing a Second Amended Complaint ("SAC") that cures the deficiencies

24  identified by the Court.

25      The Court notes that the SAC must comply with Federal Rule of Civil Procedure 8. Specifically,

26  the SAC must provide "a short and plain statement of the claim showing that the pleader is entitled

27  to relief." FED. R. CIV. PROC. 8(a)(2).  Plaintiff should indicate the statutes implicated by Plaintiff's

28  claims and the facts supporting each of those claims. Additionally, pursuant to Civil Local Rule 15.1,

1    Plaintiff's SAC must be complete in itself without reference to the previously filed Complaint or FAC.

2    The Court cautions Plaintiff that his SAC may be dismissed without further leave to amend if it also

3    fails to state a claim.

4    **CONCLUSION**

5    For the reasons set forth above, the Court **DENIES** Plaintiff's motions to proceed IFP and sua

6    sponte **DISMISSES** the FAC without prejudice.

7    The case may only be reopened if Plaintiff pays the required filing fee or submits a complete IFP

8    application and files a SAC within **60 days** of the entry of this Order.

9    **IT IS SO ORDERED.**

10

11    Dated: February 25, 2011

                                 Hon. Roger T. Benitez

12                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv0831